# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANTON DAVIS,<br><br>        Plaintiff,<br><br> v.<br><br>CHOPPA,<br><br>        Defendant. | 1:14-cv-00412-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**I.     Screening Requirement and Standard**

Plaintiff D'Anton Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 24, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison where the events in the complaint are alleged to have occurred. Plaintiff names Correctional Officer John Doe Choppa as the sole defendant.

Plaintiff alleges that Defendant Choppa threatened to physically harm Plaintiff by shooting him with the weapon he is allowed to carry in the tower. On September 4, 2012, at approximately 9:30 a.m., Defendant Choppa used a racial epithet. Plaintiff was in his cell reading and waiting for one of the building's porters to make his rounds so that Plaintiff could have him grab some administrative paperwork out of the office. One of the Hispanic porters passed Plaintiff's cell, so Plaintiff knocked on the door to gain his attention. While the porter was making his way back to see what Plaintiff wanted, Defendant Choppa stopped him, looked at Plaintiff, smiled, and then told the porter, "(expletive) that don't do nothing for the Myate." (ECF No. 1, p. 4.) Plaintiff replied, "That's messed up Choppa." Defendant Choppa opened

Plaintiff's cell door and stated, "You don't know what that word mean[s] nor what I said." Plaintiff told Defendant Choppa that he "told the Hispanic porter not to do anything for the Nigger's." (ECF No. 1, p. 4.) Surprised that Plaintiff knew the meaning of the word, Defendant Choppa responded that Plaintiff was ignorant and stupid. (Id.) Correctional Officers Hernandez and Mata were present when the incident occurred and they told Defendant Choppa that he was wrong for saying the racial epithet and he should apologize. Defendant Choppa thought that "was funny and stated apologize for what I didn't do anything wrong." (Id.) Correctional Officers Hernandez and Mata reprimanded Defendant Choppa and told him that he was wrong for saying that racial slur and for putting their lives in danger.

After this incident, on September 5 and 6, Defendant Choppa continued to use derogatory and wanton language. When confronted, he would clutch his mini 14 assault rifle, attempting to intimidate or threaten Plaintiff.

Plaintiff requests that Defendant Choppa be removed from his employment and be denied the right to carry firearms. Plaintiff also seeks monetary damages.

### III. Discussion

Plaintiff alleges that Defendant Choppa made threatening remarks and gestures and used racial epithets. Such allegations are not sufficient to state a cognizable section 1983 claim. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Threats of bodily harm also do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).

Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. The Court also finds that the deficiencies in Plaintiff's complaint cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### IV. Conclusion and Order

For the reasons stated, it is HEREBY RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 17, 2014**          /s/ Barbara A. McAuliffe          
UNITED STATES MAGISTRATE JUDGE